Slip Op. 08-8

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                :
AMES TRUE TEMPER,               :
                                :
           Plaintiff,           :  Before: Richard K. Eaton, Judge
                                :
           v.                   :  Court No. 05-00581
                                :
UNITED STATES,                  :
                                :
           Defendant.           :
_____:
```

OPINION

[United States Department of Commerce's final results of redetermination sustained]

Dated: January 18, 2008

*Wiley Rein, LLP* (*Timothy C. Brightbill* and *Charles O. Verrill, Jr.*), for plaintiff.

*Jeffrey S. Bucholtz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Courtney E. Sheehan*); Office of Chief Counsel for Import Administration, United States Department of Commerce (*Nithya Nagarajan*), of counsel, for defendant.


Eaton, Judge:  In *Ames True Temper v. United States*, 31 CIT __, Slip Op. 07-133 (Aug. 31, 2007) (not reported in the Federal Supplement) ("*Ames*"), this court sustained, in part, and remanded in part the United States Department of Commerce's ("Commerce") final results of the thirteenth administrative review of the four antidumping duty orders covering imports into the United States

of heavy forged hand tools ("HFHTs") from the People's Republic of China ("PRC") made between February 1, 2003, and January 30, 2004 ("POR"). *See* HFHTs, Finished or Unfinished, With or Without Handles, from the PRC, 70 Fed. Reg. 54,897 (Dep't of Commerce Sept. 19, 2005). The lone issue remanded related to respondent Shandong Huarong Machinery Co., Ltd.'s ("Huarong") production of metal pallets. *Id.* at __, Slip Op. 07-133 at 20-24. Specifically, the court directed Commerce "to reopen the record and obtain additional evidence regarding Huarong's production of metal pallets" in light of plaintiff's showing that Commerce did not consider any input used by Huarong to hold its pallets together. *See id.* at __, Slip Op. 07-133 at 23-24.

On remand, Commerce determined that welding wire should have been reported by Huarong as a factor of production and included it as such. *See* Final Results of Redetermination Pursuant to *Ames True Temper v. United States*, Consol. Court No. 05-00581, Slip Op. 07-133 (August 31, 2007), Court No. 05-00581 (Dep't of Commerce Nov. 28, 2007) ("Remand Results"). Accordingly, Commerce recalculated Huarong's antidumping duty margin for its sales of axes/adzes to be 175.04%, a slight increase from 174.58%. *See* Remand Results at 2, 5. Jurisdiction is had pursuant to 28 U.S.C. § 1581(c) (2000) and 19 U.S.C. § 1516a(a)(2)(B)(iii) (2000). For the following reasons,

Commerce's Remand Results are sustained.[1]

When reviewing a final antidumping determination from Commerce, the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. § 1516a(b)(1)(B)(i). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Huaiyin Foreign Trade Corp. (30) v. United States*, 322 F.3d 1369, 1374 (Fed. Cir. 2003) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  To determine whether substantial evidence exists, the court must consider "the record as a whole, including evidence that supports as well as evidence that 'fairly detracts from the substantiality of the evidence.'"  *Id.* (quoting *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984)).

On remand, Commerce was obligated to "adhere closely to the court's outstanding order[].  Failure to do so unnecessarily absorbs the time of counsel and the court, does not promote respect for the rule of law, and may result in sanctions in unfortunate cases."  *Vertex Int'l, Inc. v. United States*, 30 CIT __, Slip Op. 06-35 at 1 (Mar. 8, 2006) (not reported in the

---

[1]  For a review of the factual background of this matter, *see generally Ames*, 31 CIT __, Slip Op. 07-133 (Aug. 31, 2007) (not reported in the Federal Supplement).

Federal Supplement).  Here, Commerce's actions on remand
comported with the court's opinion in *Ames*.

Commerce re-opened the record and issued supplemental
questionnaires on September 19, 2007, and October 19, 2007.  *See*
Remand Results at 2; *see also* 9/19/07 Letter from Commerce to
Counsel for Huarong, Administrative Record ("AR") 1; 10/19/07
Letter from Commerce to Counsel for Huarong, AR 5 (each enclosing
a questionnaire).  These questionnaires each sought detailed
information from Huarong about the factors of production used in
producing its steel pallets, and the supplemental questionnaire
specifically inquired about Huarong's use of welding wire.  *See*
Remand Results at 3-4.  In response to Commerce's inquiries

> . . . Huarong reported that it used welding
> wire in producing pallets, a previously
> unreported FOP [factor of production].
> Huarong reported the amount of welding wire
> used per kilogram of subject merchandise.
> Huarong explained that it did not report
> welding wire as an FOP during the
> administrative review because it treated
> welding wire as an overhead expense because
> it is mainly used for factory repairs and
> only a small amount of the overall POR
> [period of review] consumption of welding
> wire is used for pallet making.

Remand Results at 3 (citations omitted).

With this information in its possession, Commerce noted that
it is its "normal practice to apply a weighted-average freight
distance, capped by the distance to the nearest port, for FOPs
used in the calculation of NV [normal value]."  *Id.* at 3.  Here,

however, because Huarong reported the freight distance from its factory as opposed to from its suppliers, Commerce "used a single average of the suppliers' distances to account for freight costs associated with purchasing welding wire."[2] *Id.* at 4-5. In accordance with this methodology, Commerce included welding wire in recalculating Huarong's normal value and concluded that Huarong's antidumping duty margin for its sale of axes/adzes increased from 174.58% to 175.04%. *See id.* at 4-5 (noting also that Commerce "valued welding wire using publicly available Indian import statistics for February 2003 - January 2004 from the *World Trade Atlas*").

There is nothing to indicate that Commerce did not fully comply with the court's instructions in *Ames*. When reviewing the Department's treatment of various factors in calculating normal value, "the proper role of this court, . . . is to determine whether the methodology used by the [agency] is in accordance with law . . . ." *Shieldalloy Metallurgical Corp. v. United States*, 20 CIT 1362, 1368, 947 F. Supp. 525, 532 (1996) (internal quotation marks & citations omitted; ellipses & alteration in original). "As long as the agency's methodology and procedures are reasonable means of effectuating the statutory purpose, and there is substantial evidence in the record supporting the

---

[2] Huarong established to Commerce's satisfaction that it did not maintain records demonstrating a weighted average supplier distance. Remand Results at 4.

agency's conclusions, the court will not impose its own views as to the sufficiency of the agency's investigation or question the agency's methodology." *Id*. at 1368, 947 F. Supp. at 532 (internal quotation marks & citations omitted). Here, the methodology employed in calculating Huarong's normal value was reasonable in light of available information and the conclusion reached was supported by substantial evidence in the record, i.e., Huarong's detailed questionnaire responses. It is worth noting that no party commented on Commerce's draft results and that plaintiff chose not to submit comments concerning the Remand Results to the court. *See* Remand Results at 2; 1/10/08 Letter from Plaintiff's Counsel to Court (confirming plaintiff's intention not to file comments).

Accordingly, for the reasons stated, Commerce's Remand Results are sustained.

/s/ Richard K. Eaton
Richard K. Eaton

Dated:    January 18, 2008
          New York, New York